UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:13CV63

| | | |
|---|---|---|
| **LINDSEY ROBERTS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **CAROLYN W. COLVIN, Acting Commissioner of Social Security,** | ) ) ) | |
| Defendant. | ) ) | |

**THIS MATTER** is before the court upon Plaintiff's Motion for Summary Judgment (Doc. No. 9) and the Commissioner's Motion for Summary Judgment (Doc. No. 11). Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

**I.      Administrative History**

Plaintiff filed an application for a period of disability, Disability Insurance Benefits, and Supplemental Security Income on January 20, 2010, alleging the onset of disability on November 1, 2009. Plaintiff's claim was denied both initially and on reconsideration; thereafter, Plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After conducting a hearing, the ALJ issued a decision on October 17, 2011 which was unfavorable to Plaintiff, from which Plaintiff appealed to the Appeals Council.

1

Plaintiff's request for review was denied on January 11, 2013, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). Thereafter, Plaintiff timely filed this action.

## II. Factual Background

It appearing that the ALJ's findings of fact are supported by substantial evidence, the undersigned adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. Hays v. Sullivan, supra.

## IV. Substantial Evidence

### A. Introduction

The court has read the transcript of Plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the extensive exhibits contained in the administrative record. The issue is not whether a court might have reached a different conclusion had he been presented

with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. The undersigned finds that it is.

**B.     Sequential Evaluation**

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

(1)     Whether the claimant is engaged in substantial gainful activity;

(2)     Whether the claimant has a severe medically determinable impairment, or a combination of impairments that is severe;

(3)     Whether the claimant's impairment or combination of impairments meets or medically equals one of the Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4)     Whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work; and

(5)     Whether the claimant is able to do any other work, considering his RFC, age, education, and work experience.

20 C.F.R. §§ 404.1520(a)(4)(i-v).

In this case, the Commissioner determined Plaintiff's claim at the fifth step of the sequential evaluation process.

**C.     The Administrative Decision**

Specifically, at the first step, the ALJ concluded that Plaintiff had not engaged in any substantial gainful activity since January 20, 2010 (Tr. 29, Finding 2). At the second step, the ALJ found that Plaintiff had the following severe impairment: seizure disorder (Tr.

29, Finding 2). At the third step, the ALJ determined that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R., Pt. 404, Subpart P, Appendix 1 (Tr. 31, Finding 3).

Next, the ALJ assessed Plaintiff's residual functional capacity ("RFC"), and found that she retained the capacity to "perform work at all exertional levels, which does not require climbing ropes, ladders, or scaffolds, which does not require exposure to hazards; and which is unskilled" (Tr. 32, Finding 4). In making this finding, the ALJ considered all symptoms and the extent to which these symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. § 416.929 and Social Security Ruling ("SSR") 96-7p (Tr. 32). After consideration of the evidence, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but he further found Plaintiff's testimony regarding the degree of her symptoms was not credible (Tr. 32-33). At the fourth step, the ALJ found that Plaintiff did not have any past relevant work (Tr. 33, Finding 5). At step five, the ALJ found that other occupations existed in significant numbers that Plaintiff could perform (Tr. 34, Finding 9). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Act, at any time between January 20, 2010—the application date, and October 17, 2011—the date of the ALJ's decision (Tr. 34, Finding 10).

**D.     Discussion**

Plaintiff has made the following assignment of error: The ALJ erred by refusing to consider relevant evidence and by not finding Plaintiff's intellectual deficits to constitute a severe impairment.

As noted above, the ALJ did find Plaintiff's seizure disorder to be a severe impairment. When an ALJ finds at least one severe impairment, all impairments, both severe and non-severe, are considered in assessing a claimant's RFC. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(2); SSR 96-8p. As the ALJ found that Plaintiff had other severe impairments, "the question of whether the ALJ characterized any other alleged impairment as severe or not severe is of little consequence." Pompa v. Comm'r of Social Security, 2003 WL 21949797, at *1 (6th Cir. Aug. 11, 2003). Thus, an ALJ's failure to find a particular impairment "severe," is harmless if he or she finds other impairment(s) severe, and considers the omitted impairment(s) at subsequent steps. Keever v. Astrue, No. 11-148, 2012 WL 2458376 at *7 (W.D.N.C. June 1, 2012) (no harmful error because an impairment erroneously omitted at step two was considered in formulating the RFC). Here, the ALJ recognized Plaintiff's history of special education classes, and an observation from Dr. Duff Rardin that Plaintiff once appeared "a little cognitively dull" (Tr. 30, 255). As the record established a history of mild learning disabilities (Tr. 186), the ALJ accounted for Plaintiff's limited education by limiting her to no more than unskilled work (Tr. 30).

In order for an impairment to be severe it must significantly limit a Plaintiff's ability to perform basic work activities. See 20 C.F.R. § 404.1520(c). Here, Plaintiff has failed to identify how any of the impairments she contends were severe resulted in work-related limitations greater than those found by the ALJ during the relevant time period.

The Court also notes that Plaintiff never alleged that any mental impairment limited her ability to work. Rather, she maintained that her seizure disorder was the only condition that caused her any work-related limitations (Tr. 112), and she did not allege any problems

with memory, completing tasks, concentration, understanding, following instructions, or getting along with others (Tr. 133). The record does reflect that Plaintiff reported problems with driving, lifting, bathing, and showering independently, but she attributed these restrictions to her seizure disorder and not to any mental impairment (Tr. 139-42, 147). During the hearing before the ALJ, Plaintiff reiterated that she always needed her mother around to assist her with a variety of activities of daily living, but only in case she experienced a seizure while engaging in such activities (Tr. 43). In fact, apart from Plaintiff's mother briefly mentioning that Plaintiff "forgets stuff" (Tr. 46), Plaintiff and her mother's hearing testimony solely focus on Plaintiff's seizure disorder and never touch on any mental impairment or related limitations (Tr. 41-48). Second, apart from her single visit with Dr. Hinnant, Plaintiff never treated for any mental impairment, never alleged any mental impairment to any treating or examining source, and her treatment records consistently denoted normal psychiatric and mental status examinations (Tr. 164, 166, 176, 179, 187, 201, 204, and 240). Where Plaintiff did not produce objective medical evidence of a mental health impairment, other than a one-time consultative examination, substantial evidence supports the ALJ's determination that Plaintiff did not satisfy her burden of proof at step two. *Molina v. Colvin*, 5:12-CV-259, 2013 WL 4039416, at *3-4 (E.D.N.C Aug. 7, 2013).

The Plaintiff argues that the ALJ did not properly consider the mental limitations identified by Dr. Hinnant. Dr. Hinnant, who examined Plaintiff once, opined that Plaintiff suffered from mild mental retardation (Tr. 252), which satisfied the requirements of Listing 12.02 (Tr. 266) and caused a number of moderately severe and severe work related limitations (Tr. 267-68). Further, Dr. Hinnant opined that Plaintiff does not have the capacity

to work (Tr. 253). The ALJ ultimately afforded Dr. Hinnant's opinion little weight because "it was based on a one-time evaluation at the request of the claimant's attorney," and it "is not supported by the other evidence of record" (Tr. 33). In essence, the ALJ afforded the opinion little weight for the same reasons he concluded that Plaintiff did not suffer from a severe mental impairment. Plaintiff challenges that the ALJ could not find that other evidence was inconsistent with Dr. Hinnant's report and opinion because there are no other psychological examinations in the record (Pl's Mem. 7). This argument is not persuasive. First, the ALJ never found that Dr. Hinnant's findings were inconsistent with other evidence; rather, the ALJ found that Dr. Hinnant's findings lacked support. This is an important distinction. Indeed, it is precisely because Plaintiff never alleged or sought treatment for any mental impairment that the ALJ properly finds that Dr. Hinnant's opinion lacks support. Plaintiff appears to concede this fact, and asks this Court to focus on her testimony concerning her inability to function independently, as supporting Dr. Hinnant's opinion (Pl's Mem. 8). As previously explained, however, Plaintiff attributed those limitations to her seizure disorder and not any mental impairment (Tr. 139-42,147).

Lastly, Plaintiff argues that the ALJ did not consider whether her mental impairment satisfied the requirements of Listing 12.05(C) of the regulatory Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1 § 12.05(C). However, the ALJ did expressly consider this Listing at step three, and Plaintiff does not cite any error in his analysis. (Tr. 31-32, Pl's Mem. 10).

**E. Conclusion**

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, Plaintiff's motion and brief, the Commissioner's responsive pleading, and Plaintiff's assignments of error.  Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence.  See Richardson v. Perales, supra; Hays v. Sullivan, supra.  Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra, Plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1) the decision of the Commissioner, denying the relief sought by Plaintiff, is **AFFIRMED**;

(2) the Plaintiff's Motion for Summary Judgment (Doc. No. 9) is **DENIED**;

(3) the Commissioner's Motion for Summary Judgment (Doc. No. 11) is **GRANTED**; and this action is **DISMISSED**.

Signed July 15, 2014

Graham C. Mullen
United States District Judge